CILENTI & COOPER, PLLC
Justin Cilenti (GC2321)
Peter H. Cooper (PHC4714)
708 Third Avenue – 6th Floor
New York, NY 10017
T. (212) 209-3933
F. (212) 209-7102
info@jcpclaw.com
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X

| | |
|---|---|
| LIBORIO IRIARTE MATEOS, on behalf of himself and others similarly situated, :<br><br>Plaintiff, :<br><br>-against- :<br><br>SNZ GROUP INC. d/b/a CAFÉ 86, :<br>M&S MARKET 2350 LLC d/b/a CAFÉ 86, :<br>ENRIQUE CERON-CASAREZ, SAHIB SINGH, and :<br>MANJIT SINGH, :<br><br>Defendants. : | Case No.  **18 CV 11894**<br><br>FLSA COLLECTIVE<br>ACTION COMPLAINT<br><br>**Jury Trial Demanded** |

-----------------------------------------------------------------------X

Plaintiff, LIBORIO IRIARTE MATEOS ("Plaintiff"), on behalf of himself and

other similarly situated employees, by and through his undersigned attorneys, Cilenti &

Cooper, PLLC, files this Complaint against defendants SNZ GROUP INC. d/b/a CAFÉ

86 ("SNZ GROUP"), M&S MARKET 2350 LLC d/b/a CAFÉ 86 ("M&S MARKET")

(collectively, the "Corporate Defendants" or the "Restaurant"), ENRIQUE CERON-

CASAREZ, SAHIB SINGH, and MANJIT SINGH (collectively, the "Individual

Defendants") (the Corporate Defendants and the Individual Defendants are collectively

referred to herein as the "Defendants"), and states as follows:

## INTRODUCTION

1.      Plaintiff alleges that, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), he is entitled to recover from Defendants: (a) unpaid minimum wages, (b) unpaid overtime compensation, (c) liquidated damages, (d) prejudgment and post-judgment interest, and (e) attorneys' fees and costs.

2.      Plaintiff further alleges that, pursuant to the New York Labor Law, he is entitled to recover from Defendants: (a) unpaid minimum wages, (b) unpaid overtime compensation, (c) unpaid "spread of hours" premium for each day his work shift exceeded ten (10) hours, (d) liquidated and statutory damages pursuant to the New York Labor Law and the New York State Wage Theft Prevention Act, (e) prejudgment and post-judgment interest, and (f) attorneys' fees and costs.

## JURISDICTION AND VENUE

3.      This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b), 28 U.S.C. §§ 1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

4.      Venue is proper in the Southern District pursuant to 28 U.S.C. § 1391 because the conduct making up the basis of the complaint took place in this judicial district.

## PARTIES

5.      Plaintiff is a resident of New York County, New York.

6.      Defendant, SNZ GROUP, is a domestic business corporation organized under the laws of the State of New York, with a principal place of business at 2350 Broadway, New York, New York 10024.

7.    Defendant, M&S MARKET, is a domestic limited liability company organized under the laws of the State of New York, with a principal place of business at 2350 Broadway, New York, New York 10024.

8.    Upon information and belief, defendant ENRIQUE CERON-CASAREZ is the General Manager and supervisor of SNZ GROUP, who actively participates in the day-to-day operation of the Restaurant and acted intentionally and maliciously and is an employer pursuant to the FLSA, 29 U.S.C. § 203(d) and Regulations promulgated thereunder, 29 C.F.R. § 791.2, as well as New York Labor Law § 2 and the Regulations thereunder and is jointly and severally liable with SNZ GROUP.

9.    Upon information and belief, defendants SAHIB SINGH and MANJIT SINGH are the joint owners, members, partners, managers, supervisors and proprietors of M&S MARKET, who actively participated in the day-to-day operation of the Restaurant and acted intentionally and maliciously and are employers pursuant to the FLSA, 29 U.S.C. § 203(d) and Regulations promulgated thereunder, 29 C.F.R. § 791.2, as well as New York Labor Law § 2 and the Regulations thereunder and are jointly and severally liable with M&S MARKET.

10.    Upon information and belief, sometime in or about 2016, defendants SAHIB SINGH and MANJIT SINGH discontinued their ownership interest in the Restaurant.

11.    Upon information and belief, sometime in or about 2016, defendant ENRIQUE CERON-CASAREZ took over operational control of the Restaurant as its General Manager and supervisor for defendant SNZ GROUP.

12.    Whether incorporated as SNZ Group Inc. or M&S Market 2350 LLC, the business employing Plaintiff has always operated and done business as "Café 86."

13.     The Individual Defendants exercised control over the terms and conditions of the Restaurant's employees in that they have or had the power to: (i) hire and fire employees, (ii) determine rates and methods of pay, (iii) determine work schedules, (iv) supervise and control the work of the employees, and (v) create and maintain employment records.

14.     At least within each of the three (3) most recent years relevant to the allegations herein, defendant SNZ GROUP, was, and continues to be, an "enterprise engaged in commerce" within the meaning of the FLSA in that it (i) has and has had employees engaged in commerce or in the production of goods for commerce, or that handle, sell, or otherwise work on goods or materials that have been moved in or produced for commerce, and (ii) have and have had an annual gross volume of sales of not less than $500,000.

15.     Defendants employed Plaintiff to work as a non-exempt dishwasher and, subsequently, as a food preparer/kitchen helper for Defendants' Restaurant from in or about September 2013 until on or about October 10, 2018.

16.     The work performed by Plaintiff was directly essential to the business operated by Defendants.

17.     Defendants knowingly and willfully failed to pay Plaintiff his lawfully earned minimum wages in direct contravention of the FLSA and New York Labor Law.

18.     Defendants knowingly and willfully failed to pay Plaintiff his lawfully earned overtime compensation in direct contravention of the FLSA and New York Labor Law.

19.     Defendants knowingly and willfully failed to pay Plaintiff his lawfully earned "spread of hours" premium in direct contravention of the New York Labor Law.

20.     Plaintiff has satisfied all conditions precedent to the institution of this action, or such conditions have been waived.

## STATEMENT OF FACTS

21.     The Individual Defendants participate(d) in the day-to-day operation of the Restaurant.  For instance, each of the Individual Defendants personally supervise(d) and direct(ed) the work of the employees at the Restaurant, instruct(ed) the employees at how to perform their jobs, and correct(ed) the employees for errors made.  Since sometime in or about 2016, those responsibilities lie, at least in part, with defendant ENRIQUE CERON-CASAREZ.

22.     The Individual Defendants jointly create(d) and implement(ed) all business policies and made all crucial business decisions at the Restaurant, including those concerning the number of hours the employees work, the amount of pay that the employees are entitled to receive, and the manner and method by which the employees are to be paid.  Since sometime in or about 2016, those responsibilities lie, at least in part, with defendant ENRIQUE CERON-CASAREZ.

23.     Upon information and belief, defendant SNZ GROUP, is the successor to M&S MARKET.

24.     Upon information and belief, as successor, defendant SNZ GROUP acquired substantial assets of M&S MARKET, and has continued, without interruption or substantial change, the business operations of the predecessor.

25.     To the extent defendant SNZ GROUP is the successor to M&S MARKET, it is liable for the debts and liabilities of its predecessor.

26.     To the extent defendant SNZ GROUP is the successor to M&S MARKET, Defendants SNZ GROUP and ENRIQUE CERON-CASAREZ are liable for the debts

and liabilities of its predecessor for the entire period of Plaintiff's employment, including the period from September 2013 through sometime in on or about 2016 during which time M&S MARKET owned and operated the Restaurant.

27.    In or about September 2013, Defendants hired Plaintiff to work as a non-exempt dishwasher at the Restaurant.

28.    Neither at the time of hire, nor at any time thereafter, did Defendants provide Plaintiff with a written wage notice identifying Plaintiff's regular hourly rate of pay and corresponding overtime rate of pay.

29.    In or about January 2017, Defendants promoted Plaintiff to the position of food preparer/kitchen helper.

30.    Plaintiff continued to work for Defendants in that capacity until on or about October 10, 2018.

31.    Plaintiff worked over forty (40) hours per week.

32.    From the beginning of his employment and continuing through in or about December 2016, Plaintiff worked six (6) days per week, and his work schedule consisted of nine (9) hours per day Sunday through Friday from 6:00 a.m. until 3:00 p.m.

33.    Plaintiff was not required to punch a time clock or other time-recording device.

34.    From the beginning of his employment and continuing through in or about December 2013, Plaintiff was not paid proper minimum wages or overtime compensation.  During this period, Plaintiff was paid, in cash, at the rate of $385 per week straight time for all hours worked and worked fifty-four (54) hours per week.  Work performed above forty (40) hours per week was not paid at the statutory rate of time and one-half as required by state and federal law.

6

35.     Beginning in or about January 2014 and continuing through in or about December 2016, Plaintiff was not paid proper minimum wages or overtime compensation.  During this period, Plaintiff was paid, in cash, at the rate of $425 per week straight time for all hours worked and worked fifty-four (54) hours per week.  Work performed above forty (40) hours per week was not paid at the statutory rate of time and one-half as required by state and federal law.

36.     Beginning in or about January 2017 and continuing through the remainder of his employment on or about October 10, 2018, Plaintiff worked six (6) days per week, and his work schedule consisted of thirteen (13) hours per day Sunday through Friday from 2:00 a.m. until 3:00 p.m.

37.     During this period, Plaintiff was not required to punch a time clock or other time-recording device.

38.     Beginning in or about January 2017 and continuing through the remainder of his employment on or about October 10, 2018, Plaintiff was not paid proper minimum wages and overtime compensation.  During this period, Plaintiff was paid, in cash, at the rate of $575 per week straight time for all hours worked and worked seventy-eight (78) hours per week.  Work performed above forty (40) hours per week was not paid at the statutory rate of time and one-half as required by state and federal law.

39.     At no time during his employment did Defendants provide Plaintiff with a weekly wage statement when paying him his cash wages, which explained Plaintiff's gross wages, deductions, and net wages.

40.     Defendants knowingly and willfully operated their business with a policy of not paying either the FLSA minimum wage or the New York State minimum wage to Plaintiff and other similarly situated employees.

41.    Defendants knowingly and willfully operated their business with a policy of not paying Plaintiff and other similarly situated employees either the FLSA overtime rate (of time and one-half), or the New York State overtime rate (of time and one-half), in direct violation of the FLSA and New York Labor Law and the supporting federal and New York State Department of Labor Regulations.

42.    Defendants knowingly and willfully operated their business with a policy of not paying Plaintiff and other similarly situated employees "spread of hours" premium for each day that his work shift exceeded ten (10) hours, in direct violation of the New York Labor Law and the supporting New York State Department of Labor Regulations.

43.    At all relevant times, upon information and belief, and during the course of Plaintiff's employment, Defendants failed to maintain accurate and sufficient wage and hour records.

## COLLECTIVE ACTION ALLEGATIONS

44.    Plaintiff brings this action individually and as class representative on behalf of himself and all other current and former non-exempt "back of the house" employees who have been or were employed by Defendants between December 18, 2015 and the close of the opt-in period as ultimately set by the Court (the "Collective Action Period"), and who were compensated at rates less than the statutory minimum wage and/or less than time and one-half for all hours worked in excess of forty (40) hours per workweek (the "Collective Action Members").

45.    The collective action class is so numerous that joinder of all members is impracticable.  Although the precise number of such persons is unknown, and the facts upon which the calculation of that number are presently within the sole control of Defendants, upon information and belief, there are more than twenty (20) Collective

Action Members who worked for Defendants during the Collective Action Period, most of whom would not be likely to file individual suits because they lack adequate financial resources, access to attorneys, or knowledge of their claims.  Therefore, Plaintiff submits that this matter should be certified as a collective action under the FLSA, 29 U.S.C. § 216(b).

46.    Plaintiff will fairly and adequately protect the interests of the Collective Action Members and has retained counsel that is experienced and competent in the fields of employment law and class action litigation.  Plaintiff has no interests that are contrary to or in conflict with those members of this collective action.

47.    This action should be certified as a collective action because the prosecution of separate actions by individual members of the class would create a risk of either inconsistent or varying adjudications with respect to individual members of the class, or adjudications with respect to individual members of the class that would as a practical matter be dispositive of the interests of the other members not parties to the adjudication, or substantially impair or impede their ability to protect their interests.

48.    A collective action is superior to other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable.  Furthermore, inasmuch as the damages suffered by individual Collective Action Members may be relatively small, the expense and burden of individual litigation make it virtually impossible for the members of the collective action to individually seek redress for the wrongs done to them.  There will be no difficulty in the management of this action as a collective action.

49.    Questions of law and fact common to the members of the collective action predominate over questions that may affect only individual members because Defendants

have acted on grounds generally applicable to all members.   Among the common

questions of law and fact common to Plaintiff and other Collective Action Members are:

> a. Whether Defendants employed Plaintiff and the Collective Action Members within the meaning of the FLSA;
>
> b. Whether Defendants failed to keep true and accurate wage and hour records for all hours worked by Plaintiff and the Collective Action Members;
>
> c. What proof of hours worked is sufficient where the employer fails in its duty to maintain time records;
>
> d. Whether Defendants failed to pay Plaintiff and the Collective Action Members statutory minimum wages;
>
> e. Whether Defendants failed to pay Plaintiff and the Collective Action Members overtime compensation for all hours worked in excess of forty (40) hours per workweek, in violation of the FLSA and the regulations promulgated thereunder;
>
> f. Whether Defendants' violations of the FLSA are willful as that terms is used within the context of the FLSA; and,
>
> g. Whether Defendants are liable for all damages claimed hereunder, including but not limited to compensatory, liquidated and statutory damages, interest, attorneys' fees, and costs and disbursements.

50.    Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a collective action.

51.    Plaintiff and others similarly situated have been substantially damaged by Defendants' wrongful conduct.

## STATEMENT OF CLAIM

### COUNT I
### [Violation of the Fair Labor Standards Act]

52.     Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "1" through "51" of this Complaint as if fully set forth herein.

53.     At all relevant times, upon information and belief, Defendants were and continue to be an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a). Further, Plaintiff and the Collective Action Members are covered individuals within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

54.     At all relevant times, Defendants employed Plaintiff and the Collective Action Members within the meaning of the FLSA.

55.     Upon information and belief, at all times relevant to the allegations herein, at least during the three (3) most recent years relevant to the allegations herein, defendant SNZ GROUP has had gross revenues in excess of $500,000.

56.     Plaintiff and the Collective Action Members worked hours for which they were not paid the statutory minimum wage.

57.     Defendants had, and continue to have, a policy and practice of refusing to pay the statutory minimum wage to Plaintiff and the Collective Action Members for hours worked.

58.     Defendants failed to pay Plaintiff and the Collective Action Members minimum wages in the lawful amount for hours worked.

59.     Plaintiff and the Collective Action Members were entitled to be paid at the rate of time and one-half for all hours worked in excess of the maximum hours provided for in the FLSA.

60.    Defendants failed to pay Plaintiff and the Collective Action Members overtime compensation in the lawful amount for all hours worked in excess of the maximum hours provided for in the FLSA.

61.    At all relevant times, Defendants had, and continue to have a policy and practice of refusing to pay overtime compensation at the statutory rate of time and one-half to Plaintiff and the Collective Action Members for all hours worked in excess of forty (40) hours per work week, which violated and continues to violate the FLSA, 29 U.S.C. §§ 201 *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

62.    Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by their failure to compensate Plaintiff and the Collective Action Members at the statutory minimum wage rate and the statutory overtime rate of time and one-half for all hours worked in excess of forty (40) hours per week, when they knew or should have known such was due and that non-payment of minimum wages and overtime compensation would financially injure Plaintiff and the Collective Action Members.

63.    As a result of Defendants' failure to properly record, report, credit and/or compensate its employees, including Plaintiff and the Collective Action Members, Defendants have failed to make, keep and preserve records with respect to each of its employees sufficient to determine the wages, hours and other conditions and practices of employment in violation of the FLSA, 29 U.S.A. §§ 201 *et seq.*, including 29 U.S.C. §§ 211(c) and 215(a).

64.    Defendants failed to properly disclose or apprise Plaintiff and the Collective Action Members of their rights under the FLSA.

65.    As a direct and proximate result of Defendants' violation of the FLSA, Plaintiff and the Collective Action Members are entitled to liquidated damages pursuant to the FLSA.

66.    Due to Defendants' reckless, willful and unlawful acts, Plaintiff and the Collective Action Members suffered damages in an amount not presently ascertainable of unpaid minimum wages and unpaid overtime compensation, an equal amount as liquidated damages, and prejudgment interest thereon.

67.    Plaintiff and the Collective Action Members are entitled to an award of their reasonable attorneys' fees, costs and expenses, pursuant to 29 U.S.C. § 216(b).

## COUNT II
### [Violation of the New York Labor Law]

68.    Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "1" through "67" of this Complaint as if fully set forth herein.

69.    Defendants employed Plaintiff within the meaning of New York Labor Law §§ 2 and 651.

70.    Defendants knowingly and willfully violated Plaintiff's rights by failing to pay Plaintiff minimum wages in the lawful amount for hours worked.

71.    Defendants knowingly and willfully violated Plaintiff's rights by failing to pay Plaintiff overtime compensation at the rate of time and one-half for each hour worked in excess of forty (40) hours in a workweek.

72.    Employers are required to pay a "spread of hours" premium of one (1) additional hour's pay at the statutory minimum hourly wage rate for each day where the spread of hours in an employee's workday exceeds ten (10) hours.  New York State Department of Labor Regulations § 146-1.6.

13

73.    Defendants knowingly and willfully violated Plaintiff's rights by failing to pay a "spread of hours" premium to Plaintiff for each day his work shift exceeded ten (10) hours pursuant to New York State Department of Labor Regulations.

74.    Defendants failed to properly disclose or apprise Plaintiff of his rights under the New York Labor Law.

75.    Defendants failed to furnish Plaintiff with a statement with every payment of wages listing gross wages, deductions and net wages, in contravention of New York Labor Law § 195(3) and New York State Department of Labor Regulations § 146-2.3.

76.    Defendants failed to keep true and accurate records of hours worked by each employee covered by an hourly minimum wage rate, the wages paid to all employees, and other similar information in contravention of New York Labor Law § 661.

77.    Defendants failed to establish, maintain, and preserve for not less than six (6) years payroll records showing the hours worked, gross wages, deductions, and net wages for each employee, in contravention of the New York Labor Law § 194(4), and New York State Department of Labor Regulations § 146-2.1.

78.    Neither at the time of their hiring, nor any time thereafter, did Defendants notify Plaintiff in writing of his rate of pay and his regularly designated payday, in contravention of New York Labor Law § 195(1).

79.    Due to the Defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendants his unpaid minimum wages, unpaid overtime compensation, and unpaid "spread of hours" premium, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to New York Labor Law §§ 663(1), 198.

80.    Plaintiff is also entitled to liquidated damages pursuant to New York Labor Law § 663(1), as well as civil penalties and/or liquidated damages pursuant to the New York State Wage Theft Prevention Act.

## PRAYER FOR RELEIF

**WHEREFORE**, Plaintiff LIBORIO IRIARTE MATEOS, on behalf of himself and all similarly situated Collective Action Members, respectfully requests that this Court grant the following relief:

(a)    An award of unpaid minimum wages due under the FLSA and New York Labor Law;

(b)    An award of unpaid overtime compensation due under the FLSA and New York Labor Law;

(c)    An award of unpaid "spread of hours" premium due under the New York Labor Law;

(d)    An award of liquidated damages as a result of Defendants' failure to pay minimum wages and overtime compensation pursuant to 29 U.S.C. § 216;

(e)    An award of liquidated damages as a result of Defendants' failure to pay minimum wages, overtime compensation, and "spread of hours" premium pursuant to the New York Labor Law and the New York State Wage Theft Prevention Act;

(f)    An award of statutory damages for Defendants' failure to provide wage notices and wage statements pursuant to the New York Labor Law and the New York State Wage Theft Prevention Act;

(g)    An award of prejudgment and post-judgment interest;

(h)     An award of costs and expenses associated with this action, together with

reasonable attorneys' and expert fees; and

(i)      Such other and further relief as this Court determines to be just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands

trial by jury on all issues.

Dated: New York, New York
        December 18, 2018

Respectfully submitted,

CILENTI & COOPER, PLLC
*Attorneys for Plaintiff*
708 Third Avenue – 6th Floor
New York, NY 10017
T. (212) 209-3933
F. (212) 209-7102

By:    _____
        Giustino (Justin) Cilenti (GC2321)

## CONSENT TO SUE UNDER
## FAIR LABOR STANDARDS ACT

I, _Liborio Iriarte_ , am an employee currently or formerly employed by _Cafe 86_ , and/or related entities. I consent to be a plaintiff in the above-captioned action to collect unpaid wages.

Dated: New York, New York
_10 - 18_ , 2018