UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LIBORIO IRIATE MATEOS,

                        Plaintiff,

–against–

SNZ GROUP, INC., d/b/a CAFÉ 86, M&S
MARKET 2350 LLC d/b/a CAFÉ 86,
MUHAMMAH ISLAM, ENRIQUE CERON-
CASAREZ, SAHIB SINGH, and MANJIT SINGH,

                        Defendants.

**ORDER**

18 Civ. 11894 (ER)

RAMOS, D.J.:

      Liborio Iriarte Mateos brought this action on December 18, 2018, alleging violations of the Fair Labor Standards Act ("FLSA") and various provisions of New York Labor Law ("NYLL"). Doc. 1, Compl. Mateos alleges that he is owned unpaid minimum wages, overtime compensation, "spread of hours pay" and liquidated damages. *Id.* Before the Court is the parties' request for approval of their proposed settlement agreement. *See* Doc. 43.[1] For the foregoing reasons, the parties' proposed agreement is GRANTED.

### I.   LEGAL STANDARD

      In this Circuit, parties cannot privately settle FLSA claims with prejudice absent the approval of the district court or the Department of Labor. *See Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 200 (2d Cir. 2015). The parties therefore must satisfy the Court that their agreement is "fair and reasonable." *Beckert v. Ronirubinov*, No. 15 Civ. 1951 (PAE), 2015 WL 8773460, at *1 (S.D.N.Y. Dec. 14, 2015). "In determining whether the proposed settlement

---

[1] The settlement would bind Mateos, M&S Market, Sahib Singh and Manjit Singh ("Settling Defendants"). The remaining defendants did not answer the complaint and Mateos has voluntarily dismissed them from the case.

is fair and reasonable, a court should consider the totality of circumstances, including but not limited to the following factors: (1) the plaintiff's range of possible recovery; (2) the extent to which 'the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses'; (3) the seriousness of the litigation risks faced by the parties; (4) whether 'the settlement agreement is the product of arm's-length bargaining between experienced counsel'; and (5) the possibility of fraud or collusion." *Id.* (quoting *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012)). Courts may reject a proposed FLSA settlement where the parties do not provide the basis for the recovery figure or documentation supporting the reasonableness of the attorneys' fees, or if the settlement agreement includes impermissible provisions such as restrictive confidentiality clauses or overbroad releases. *Lopez v. Nights of Cabiria, LLC*, 96 F. Supp. 3d 170, 176–82 (S.D.N.Y. 2015), *cited with approval in Cheeks*, 796 F.3d at 205–06.

## II. DISCUSSION

### A. Range of Recovery

Mateos estimates that the damages traceable to the Settling Defendants amount to roughly $38,000. Doc. 43 at 2. In support, he has attached a spreadsheet showing his estimated damages due per week based on his hours worked, taking into account the different minimum wage and overtime premiums due during this time, as well as statutory and liquidated damages. Doc. 43-2. The Court finds that this is adequate documentation of the estimated range of recovery. *See Narvaez v. Black Label Salon 25 Corp.*, No. 20 Civ. 4465 (ER), 2021 WL 1131482, at *1 (S.D.N.Y. Feb. 2, 2021) (approving settlement when Plaintiff submitted a spreadsheet showing the estimated amounts by which she was underpaid each week based on her hours worked and contemporaneous minimum wage and overtime rates, as well as statutory

damages); *cf. Guinea v. Garrido Food Corp.*, No. 19 Civ. 5860 (BMC), 2020 WL 136643, at *2 (E.D.N.Y. Jan. 13, 2020) (declining to hold a damages inquest in FLSA action because plaintiff's "attorney had created a spreadsheet showing each element of damages recoverable, taking into account the different minimum wage levels throughout the employment period and plaintiff's varying hours and wages.").

The Court also finds the proposed settlement amount reasonable in light of the estimated range of recovery.  There would be litigation risks for Plaintiff if he were to continue this action, including that the Settling Defendants dispute the amount of overtime Plaintiff worked.  The parties also note that the Settling Defendants cannot afford to offer a more significant settlement amount, and would risk seeking bankruptcy protection if liable for a higher settlement amount.  Moreover, the agreement was reached following multiple sessions before a neutral mediator.  The agreement therefore should be approved.  *See Garcia v. Good for Life by 81, Inc.*, No. 17 Civ. 7228 (BCM), 2018 WL 3559171 (S.D.N.Y. July 12, 2018) (concluding that the settlement amount was a "reasonable compromise of disputed issues.").

### B.   Attorneys' Fees

The Court finds the proposed attorneys' fees reasonable as well.  Mateos indicates that his attorneys would receive $6,376.36 in attorney's fees and $869 in costs, for a total recovery of $7,245.36.  This amounts to approximately 33% of the settlement before costs, and 36% of the settlement amount net of costs.  This is reasonable as a percentage, as "courts in this District routinely award one third of a settlement fund as a reasonable fee in FLSA cases." *Lazo v. Kim's Nails at York Ave., Inc.*, No. 17 Civ. 3302 (AJN), 2019 WL 95638, at *2 (S.D.N.Y. Jan. 2, 2019) (citation omitted).

Nonetheless, "even when the proposed fees do not exceed one third of the total settlement amount, courts in this circuit use the lodestar method as a cross check to ensure the reasonableness of attorneys' fees." *Id.* "The lodestar amount is 'the product of a reasonable hourly rate and the reasonable number of hours required by the case.'" *Id.* (quoting *Gaia House Mezz LLC v. State St. Bank & Tr. Co.*, No. 11 Civ. 3186, 2014 WL 3955178, at *1 (S.D.N.Y. Aug. 13, 2014)).

The billing records submitted by counsel show an hourly rate of $400 per hour for Mateo's counsel, a partner, and $100 for a paralegal. Doc. 43-3. This is within the reasonable range of fees approved in this District. *See, e.g.*, *Rodriguez v. 3551 Realty Co.*, No. 17 Civ. 6553 (WHP), 2017 WL 5054728, at *3 (S.D.N.Y. Nov. 2, 2017) (noting that a rate of $400 per hour for partners is reasonable); *see also Montes v. 11 Hanover Grp. LLC*, No. 17 Civ. 9376 (SDA), 2019 WL 4392516, at *2 (S.D.N.Y. Sept. 12, 2019) (reducing partner's hourly rate to $400). Plaintiff's counsel and paralegal reasonably spent 37.4 hours on this case, and the lodestar thus comes to $12,494. Doc. 29-2 at 5. This lodestar, compared to the requested $7,245.36 in fees and costs, results in a lodestar multiplier (net of fees) of approximately 0.58. This is reasonable, as "a multiplier near 2 should, in most cases, be sufficient compensation for the risk associated with contingent fees in FLSA cases." *Fujiwara v. Sushi Yasuda Ltd.*, 58 F. Supp. 3d 424, 439 (S.D.N.Y. 2014). Accordingly, the Court determines the $7,245.36 in fees and costs to be reasonable.

### C. Other Provisions

The Court also finds that the rest of the settlement agreement is reasonable. It includes no objectionable confidentiality provisions, and the release appropriately discharges only claims relating to this case. *See Nights of Cabiria*, 96 F. Supp. 3d at 177–81.

**III.     CONCLUSION**

Accordingly, the Court finds that the proposed settlement agreement is fair and reasonable, and approves the agreement. The Court hereby dismisses the case with prejudice. The Clerk of Court is respectfully directed to terminate the motion, Doc. 43, and close the case.

It is SO ORDERED.

Dated:   May 25, 2021
         New York, New York

EDGARDO RAMOS, U.S.D.J.